**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**JADEA J. CONTE,**

      **Plaintiff,**

                                **Civil Action 2:18-cv-903**
      **v.**                        **Judge Michael H. Watson**
                                **Magistrate Judge Chelsey M. Vascura**

**THE UNITED STATES OF AMERICA,** *et al.,*

      **Defendants.**

**ORDER and REPORT AND RECOMMENDATION**

      Plaintiff, Jadea J. Conte, an Ohio resident proceeding without the assistance of counsel, has submitted a request to file a civil action *in forma pauperis*. (ECF No. 4.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). This matter is also before the Court for the initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Federal Rule of Civil Procedure 12(h)(3) **WITHOUT PREJUDICE** to filing any state-law claims in state court.

## I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to

"lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are

assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from

filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490

U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[1], which

provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been
> paid, the court shall dismiss the case at any time if the court determines that--
>
>     *      *      *
>
>   (B) the action or appeal--
>
>       (i) is frivolous or malicious;
>
>       (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte*

dismissal of an action upon the Court's determination that the action is frivolous or malicious, or

upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the

basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See also*

*Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure

12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule

8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the

---

[1]Formerly 28 U.S.C. § 1915(d).

pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints."  *16630 Southfield Ltd*., *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Id*. (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct."  *Flagstar Bank* , 727 F.3d at 504 (citations omitted).  Further, when considering a *pro se* plaintiff's Complaint, a Court "must read [the allegations] with less stringency . . . and accept the pro se plaintiff's allegations as true, unless they are clearly irrational or wholly incredible."  *Reynosa v. Schultz*, 282 F. App'x 386, 389 (6th Cir. 2008) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (internal citation omitted).

## II.

Based upon the case caption, it appears that Plaintiff seeks to bring this action against the United States of America, the State of Ohio, and several private companies, including LBrands,

Inc., Mast Global, Inc., and LGS Staffing, Inc.  The entirety of Plaintiff's "Statement of Claim" in her Complaint provides as follows:

> Excessive use of, consumption, and use of illegal, illicit drug propaganda [sic] to the harm of, and involved in the murder of Ms. Jadea Conte, and Mr. Chad Conte. Suspects of the majority black population known to have prior felonious conduct with repeated release, no progressive Corrections Rehabilitation by the State of Ohio. Black majority violence in lack of control by The State of Ohio; however, compounds injury to a definition not taught in United States law schools, nor could such acts be clarify or argued in Courts of the United States. Ms. Conte is a witness to her own murder upon seperation [sic] of internal antaomy [sic] from the body beaten to death within the Jursdiction [sic] of the State. Suspected additional parties in the abuse of Ms. Conte's subconcious [sic] are violent beyond the exercise of 'life and limb,' in resolving personal injury matters, but also the Constitutional exercise of 'Life and Liberty.' Ms. Conte's 'Rights of Execution' of Justice within the United States Courts has been interefered [sic] upon. Acts of violence are also not defined in the law. The Spirit was removed from the body for a length of time to cause death, and surgically, used to antomically [sic] correct the black majority. Ms. Conte was still alive and in witness to the removal of her own body parts.

(Pl.'s Compl., ECF No. 2 at p. 2-3.)  In the relief section of her Complaint, Plaintiff states as follows:

> No defined relief within the limitations of Personal Injury law. Ms. Conte requests Relief for Life. State of Ohio does not redempdify [sic] the death of the injuried [sic] target, Ms. Jadea Conte, and Mr. Chad Conte.

(*Id*. at 3.)

Plaintiff's Complaint provides insufficient factual content or context from which the Court could reasonably infer that Defendants violated Plaintiff's rights.  Instead, the allegations Plaintiff sets forth in her Complaint are so implausible and nonsensical as to render her Complaint frivolous.  A claim is frivolous if it lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The former occurs when "indisputably meritless" legal theories underlie the complaint, and the latter when it relies on "fantastic or delusional" allegations.  *Id*. at 327–28.  This Court is not required to accept the factual

allegations set forth in a complaint as true when such factual allegations are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer*, 325 F. App'x 427, 429–30 (6th Cir. 2009) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).  Here, Plaintiff's allegation that she was a "witness to her own murder" and that her spirit "was removed from [her] body" and "used to [anatomically] correct the black majority" are "clearly irrational or wholly incredible."  *Reynosa*, 282 F. App'x at 389.  It is therefore **RECOMMENDED** that the Court dismiss this action for failure to state a claim on which relief may be granted.

### III.

For the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations  to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or  modify, in whole or in part, the findings or recommendations made herein, may receive further  evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. §  636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report

and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of  the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140  (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

      **IT IS SO ORDERED.**

                 /s/ *Chelsey M. Vascura*
                CHELSEY M. VASCURA
                UNITED STATES MAGISTRATE JUDGE